UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY SWANSON,

        Petitioner,

v.                                                 Case No. 11-C-0278

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On March 3, 2011, Roy Swanson filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty in 2008 to one count of unlawful transportation of firearms and was sentenced to 180 months of imprisonment and five years of supervised release.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed the judge must order the United States Attorney to file an answer, motion, or other response . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Here Petitioner asserts that his prior criminal offenses do not qualify him for an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e). Therefore Petitioner argues that his sentence of 180 months is in excess of the statutory maximum authorized by 18 U.S.C. § 922(g). (Petition at 7.)

On its face Petitioner's motion presents an issue of timeliness. He did not directly appeal his sentence and the time to do so is long gone. Motions seeking relief under § 2255 must be filed within one year after the judgment becomes final. 28 U.S.C. § 2255(f). Petitioner acknowledges that "I am past the one year limit for filing." (Petition at 6.) But Petitioner argues that the Court should still review it under the theory of equitable tolling. In general equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing; a mistaken understanding about the deadline for filing is not grounds for equitable tolling. *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000). Here Petitioner notes that he was in the custody of the State of Wisconsin from 2006 to 2008 and only later became aware of a change in the law. *See Begay v. United States,* 553 U.S. 137, 141 (2008) (holding that in determining whether a crime is a "violent felony," within the meaning of the ACCA, the offense is considered generically in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion). Petitioner argues that it took him a substantial amount of time to obtain documents related to his prior convictions which date back to the 1990's. (Petition at 7.) Petitioner's § 2255 motion, if timely, appears to present a colorable issue concerning whether his predicate offenses qualify for the sentence enhancement he received from this Court under ACCA.

Petitioner also filed with his petition an application for leave to proceed *in forma pauperis*. Because there are no district court filing fees in § 2255 cases, the application is denied as unnecessary.

2

Petitioner has also requested that the Court appoint an attorney on this matter. (Petition at 10.) Under Rule 8(c) of the Rules Governing Section 2255 Proceedings, "[i]f an evidentiary hearing is required, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A at any stage of the proceeding." It is unclear, however, whether an evidentiary hearing will become necessary.

At this point, I will not appoint counsel for Petitioner. Rather I first direct the United States attorney to file an answer, motion, or other response to the petition by April 22, 2011. The court will then determine whether the petition warrants further briefing, a hearing, or appointment of counsel.

**SO ORDERED** this     22nd     day of March, 2011.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge