UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY SWANSON,

        Petitioner,

v.                                            Case No. 11-C-0278

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**

        Roy Swanson seeks relief under 28 U.S.C. § 2255 from his sentence of fifteen years imprisonment for possession of a firearm by a felon as an Armed Career Criminal (ACC). To qualify as an ACC, the defendant must have three previous convictions for a violent felony, a serious drug offense or both. 18 U.S.C. § 924(e)(1). Swanson was indicted on a single count of possession of a firearm by a felon on April 11, 2006, and entered a plea of guilty on August 23, 2006. The indictment alleged that Swanson was an ACC based upon three prior Wisconsin convictions: (1) a conviction for delivery of a controlled substance as a party to the crime in Kenosha County on January 30, 1991; (2) a conviction for burglary in Iron County on July 28, 1994; and (3) a conviction for burglary in Forest County on July 24, 2002. Swanson acknowledged as part of the Plea Agreement that he had three prior convictions that subjected him to the fifteen-year mandatory minimum sentence as an ACC under 18 U.S.C. § 924(e). On November 21, 2006, Swanson was sentenced to fifteen years imprisonment.

        A judgment of conviction was entered on November 27, 2006, and an amended judgment was entered on April 20, 2007, granting Swanson's request for credit on his federal sentence for

time spent in state custody. On March 21, 2011, more than three years after his sentence, Swanson filed a pro se motion pursuant to 28 U.S.C. § 2255 challenging his sentence as an ACC. Swanson claims that his delivery conviction, as well as an escape conviction from 1992, do not qualify as violent felonies within the meaning of 18 U.S.C. § 924(e) and that the ACC designation therefore does not apply. Recognizing that he did not file his motion within the one-year limitations period in § 2255(1)(f), Swanson argues that the period was equitably tolled during the period he was in state custody completing a state sentence and attempting to obtain copies of documents needed to support his claim. He also argues that the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), changed the law governing whether an offense qualifies as a violent felony for ACC purposes. Given his difficulty getting the documents needed to support his claim and the changes in the law, Swanson argues that his § 2255 motion is timely and establishes his right to relief from his previous sentence as an ACC.

Having considered the entire record in this matter, including the record in the underlying criminal case, United States v. Swanson, Case No. 06-CR-0083, I now conclude on three separate grounds that Swanson's motion for relief under § 2255 should be denied and the action dismissed. First, Swanson waived the argument that he is not an ACC by agreeing that he was subject to the provisions of the ACC Act in his Plea Agreement. Second, even apart from waiver, the facts do not support equitable tolling of the limitation period, and the motion is therefore untimely. Finally, even if the claim was not waived and the motion was timely, Swanson would not be entitled to relief because he has more than three prior convictions that would qualify as violent felonies. Accordingly, his sentence of fifteen years under the ACC was lawful and did not result from the denial of any constitutional right.

Swanson's claim fails first because he waived his right to challenge his status as an ACC in his Plea Agreement. He has not moved to withdraw his plea, nor has he asserted a claim that his attorney was ineffective in failing to challenge the assertion that he had three qualifying prior convictions. Under these circumstances, his guilty plea to the charge and his agreement as to the accuracy of his predicate ACC convictions waives any right to collaterally attack those convictions. *See United States v. Martinez*, 122 F.3d 421, 422 (7th Cir. 1997) ("While he may believe he has a colorable argument that he is not an Armed Career Criminal, a claim we reject below, Martinez knowingly waived that argument when he entered into the agreement with the government."). The same conclusion follows here. Having entered a plea of guilty pursuant to a written Plea Agreement in which he expressly acknowledged that he was subject the provisions of § 924(e) as an ACC, Swanson waived his right to contend otherwise now.

Aside from the fact that he waived the issue by pleading guilty, Swanson's motion is also untimely. He filed his motion for §2255 relief more than three years after the judgment of conviction was entered sentencing him as an ACC. Although the Seventh Circuit has recognized that the one-year period of limitations for § 2255 motions can be equitably tolled, *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006), Swanson fails to identify the kind of extraordinary circumstances that would be required to support such relief. Indeed, the Seventh Circuit has held that "[e]quitable tolling is a remedy reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (internal quotations and brackets omitted). So exceptional are the circumstances warranting such relief that the Court has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Id.* Even when extraordinary circumstances are shown, the statute of

3

limitations will be tolled only if the petitioner acted with due diligence throughout the period he seeks to toll. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

Swanson's assertion that he was prevented from filing his motion for § 2255 relief within a year of the final judgment because he was transferred between prisons and had difficulty obtaining copies of old convictions does not support equitable tolling. *See McCleskey v. Zant*, 499 U.S. 467, 500, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (unavailability of document, the contents of which petitioner had at least constructive knowledge, did not prevent him from raising claim in his habeas petition); *see also Montenegro v. United States*, 248 F.3d 585 (7th Cir.2001) (finding that a prisoner's "limited education" and "lack of knowledge of the ... legal system" and "being transferred from one prison to another" was not an "extraordinary circumstance" justifying tolling of a statute of limitations) (overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)). Nor do the changes in the law brought about by *Begay* and *Chambers* justify his delay. Neither *Begay* nor *Chambers* effected any change in the law as it bears on the question of whether Swanson's prior convictions qualified him as an ACC. As the government concedes, Swanson's 1991 conviction for delivery of a controlled substance did not qualify as a predicate offense because the maximum sentence for that offense was less than ten years. *See* 18 U.S.C. §924(e)(2) ("serious drug offense" conviction must be punishable by ten or more years imprisonment in order to count in ACC determination). As to his 1992 conviction for escape, according to the Pre-Sentence Investigation Report (PSIR), the factual statements of which were incorporated into the Court's findings of fact, the offense involved his actual escape from custody (PSIR ¶ 57), as opposed to the failure-to-report offense that was the Court's focus in *Chambers*. It therefore appears that had Swanson challenged the assertion that his escape conviction was for a violent felony, the

4

government would have been able to establish that it was such an offense under the "modified categorical approach" established by the Court. *See United States v. McDonald*, 592 F.3d 808, 810-11 (7th Cir. 2010); *United States v. Woods*, 576 F.3d 400, 405-06 (7th Cir. 2009); *United States v. Sykes*, 598 F.3d 334, 339 (7th Cir.2010). Thus, not only does the claim fail because Swanson waived the issue by virtue of his guilty plea, it also fails because his motion for relief under § 2255 is not timely.

More importantly, Swanson's claim that he was erroneously sentenced as an ACC fails on its merits. For even without his convictions for delivery of a controlled substance and escape, Swanson's previous convictions are more than sufficient to qualify him as an ACC. Burglary is one of the offenses that § 924(e)(2)(B)(ii) expressly lists as a "violent felony" that can qualify a defendant as an ACC. In other words, § 924(e) identifies burglary as a violent felony, but only in its generic sense: an unlawful entry into a building or other structure with the intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 598 (1990). According to his PSIR and the judgments of conviction offered by the government in response to his motion, Swanson was convicted of five counts of burglary in 1994 (PSIR ¶ 64), and three more counts of burglary in 2001. (PSIR ¶ 66; Supplement 1 and 2 to Govt.'s Response.) Each of Swanson's offenses constituted a burglary in the generic sense – breaking and entering into a building or dwelling with intent to steal – according to both the judgments of conviction and the PSIR description of the offenses. Swanson was convicted of two additional burglary counts in September of 2006, but that was after his conviction for possession of a firearm by a felon in this case. (PSIR ¶ 74.) Thus, although Swanson actually has ten convictions for violent felonies, two postdate his violation of § 922(g). That leaves eight previous convictions for violent felonies within the meaning of § 924(e) that count.

5

It is true that the Indictment erroneously listed the delivery conviction as a predicate offense for Swanson's ACC status, but that is not grounds to vacate his sentence if the record otherwise shows him to be an ACC. There is no requirement that the indictment allege the predicate offenses upon which an allegation that the defendant is an ACC is based. *See Almendarez-Torres v. United States*, 523 U.S. 224, (1998) (holding that indictment need not allege alien's prior aggravated felony convictions as prerequisite to imposition of enhanced sentence for illegal reentry offense); *see also United States v. Price*, 516 F.3d 597, 605 (7th Cir. 2008) ("Price argues that the district court improperly sentenced him to a 25–year mandatory minimum sentence under § 924(c)(1)(C) because Price's previous conviction under that section was neither alleged in the indictment nor proven at trial. This argument, too, has no merit."). What matters is that the existence of the predicate offenses is established at sentencing. Had Swanson disputed the fact that he was an ACC based on his prior record, it is clear that government would have produced the judgments of conviction it offers now in response to his motion.

Swanson also appears to be under the impression that his eight previous convictions for burglary count as only two, since five resulted from one case in Iron County and three from a second case in Forest County. The fact that Swanson was convicted of multiple counts in only two cases is not determinative, however. The statute requires that the three offenses be committed "on occasions different from one another," § 924(e)(1), not that the convictions occur in separate proceedings. *See United States v. Gray*, 85 F.3d 380, 381 (8th Cir. 1996) ("We have specifically rejected this argument in previous cases, holding that the ACCA does not require that the predicate felonies be separated by conviction and punishment. Discrete criminal episodes, rather than dates of convictions, trigger the enhancement."). Nor does the fact that some of the burglaries may have

6

been committed close in time to others make a difference. In *United States v. Hudspeth*, 42 F.3d 1015 (7th Cir. 1994), the Court held that a defendant who was convicted of three distinct burglaries against three separate businesses located in the same strip mall over a thirty-five minute period on the same day was an ACC. In light of this holding, there can be no doubt that Swanson's eight convictions for separate burglaries of eight different cabins undoubtedly over a longer period of time must each be counted separately. *See United States v. Deroo*, 304 F.3d 824, 828 (8th Cir. 2002) (holding that defendant's three prior state court burglary offenses qualified as separate violent felonies, warranting application of armed career criminal statute, even if three burglaries occurred within one hour of each other, where burglaries involved breaking into three separate homes, located on different lakes, with three unrelated victims, who suffered losses of varying types of property).

In sum, Swanson is not entitled to relief under § 2255. He waived the issue he seeks to raise by virtue of his guilty plea, and his motion is barred by the one-year limitations period. Even if his claim was not barred procedurally, Swanson's motion would be denied on the merits because the record establishes that even apart from the convictions he challenges, he had eight previous convictions for violent felonies at the time he committed the instant offense. Accordingly, his motion is denied and the action is dismissed. The Clerk is directed to enter judgment as set forth herein. A certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this ___19th___ day of July, 2011.

                                                  s/ William C. Griesbach
                                                  WILLIAM C. GRIESBACH
                                                  United States District Judge